BERNARD LEE WALTON V. THE STATE.

No. 19186. Delivered November 17, 1937.
Rehearing Denied December 22, 1937.

The opinion states the case.

*Wm. G. Yarborough, C. H. Slater* and *Margaret Waters,* all of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of fifty dollars, punishment assessed at two years' confinement in the penitentiary.

The indictment alleged that appellant stole one suit of clothes of the value of fifty-five dollars, being the property of S. H. Ashford, from his possession without his consent, etc.

The evidence discloses that Mr. Ashford was the general manager of a store which belonged to Gaston and Merritt, located on Congress Avenue in the City of Austin. A Mr. Vratis had purchased a suit of clothes for which he had paid, or had agreed to pay, the sum of fifty-five dollars, and had left the suit at the store for alterations. Appellant walked in the back door of the store, picked up the suit of clothes and left with it and was apprehended and the clothes taken from him a few minutes later. At the close of the State's testimony appellant requested the court to direct a verdict of not guilty, it being his contention that the undisputed testimony showed that Mr. Vratis had purchased the clothes and that there was a variance between the proof and the averment that Mr. Ashford was the owner of the property. There is no merit in the contention. We take the following quotation from Note 20, under Art. 1410, Vernon's Ann. Tex. P. C., Vol. 3:

"If A be the actual or general owner, but B, at the time of the theft, had the actual control, care, and management of the property, the ownership may be alleged to be in either A or B, but the possession must be alleged to have been in B. In such case, it is better to allege both the ownership and possession in B, the special owner."

Many authorities will be found cited supporting the proposition of law contained in the above quotation.

Mr. Vratis was nowhere about the store and the clothes had been left there for alteration and Ashford, the general manager, had care, control and management of the property and

was the special owner, and the averments of the indictment were sustained by the proof.

The evidence was somewhat conflicting upon the question of value but the proof was positive from people who claimed to know the reasonable market value of the suit of clothes at the time, and that the same was fifty-five dollars. The court properly submitted the issue to the jury as to the punishment that should be assessed in the event they found the clothes to be of the value of less than fifty dollars.

The court's charge instructed the jury that value as it applied to the instant case meant the "fair market value of the suit of clothes which defendant was alleged to have taken; that is, the fair market value of this or similar suits of clothing under ordinary circumstances, at a price which would ordinarily be paid for them." If it may be said that any defect appears in said instruction it can scarcely be charged to the trial judge, for he adopted the very language of a special charge requested by appellant.

Finding no error upon which a reversal may be predicated, the judgment is affirmed.

*Affirmed.*

GRAVES, J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing filed by appellant but reiterates the matters presented on the original submission. Deeming the appeal to have been properly disposed of on the original hearing, the motion for rehearing is overruled.

*Overruled.*